NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MATEO EXPRESS, Inc.

    Plaintiff,

v.

PUEBLA TRAVEL & LATIN MUSIC
LIMITED LIABILITY COMPANY, and
Bruno Perez SANCHEZ,

    Defendants.

Civ. No. 12-02970

OPINION

THOMPSON, U.S.D.J.

    This matter comes before the Court on Plaintiff Mateo Express, Inc.'s ("Plaintiff's") Motion for Default Judgment [Docket Entry # 8] against Puebla Travel & Latin Music LLC ("Puebla") and Bruno Perez Sanchez ("Sanchez").  On August 20, 2012 this Court issued an Order [9] granting Plaintiff's motion as to the liability of Puebla and Sanchez.  The Court reserved decision on the issue of damages pending a hearing, which took place on December 11, 2012 with notice to all parties.  Plaintiff appeared represented by counsel; neither Puebla nor Sanchez appeared, either *pro se* or represented by counsel.  After reviewing the evidence presented at the hearing and the submissions of Plaintiff, the Court has decided the issue of damages, incorporating the findings of fact submitted by Plaintiff [12] as enumerated below.

Findings of Fact

    Plaintiff is licensed by the New Jersey Department of Banking and Insurance to conduct business as a money transmitter.  [12 ¶ 1].  As a money transmitter, Plaintiff's services consist of providing members of the general public with a means of sending money to family and friends overseas.  [*Id.* at ¶ 5].  Plaintiff conducts its business through a network of "authorized

delegates," or agents ("Agent(s)"). [*Id.* at ¶ 2]. A customer desiring to send money will visit an Agent location and instruct the Agent to send the money to a designated beneficiary overseas. [*Id.* at ¶ 5]. The Agent accepts money from the customer, the total of which covers the amount the customer wishes to send and the service fees due Agent and Plaintiff. [*Id.*]. After accepting customer funds, the Agent gives Plaintiff the location and identity of the customer's intended beneficiary, and Plaintiff initiates delivery of money to the beneficiary in the amount paid for by the customer. [*Id.*]. Pursuant to contract and to law, the Agent is then required to make payments to Plaintiff consisting of the funds collected from the public for transmission abroad and Plaintiff's fee, less any fee due the Agent. [*Id.*].

  Puebla became an Agent of Plaintiff in 2006 when it entered into two written agreements with Plaintiff, one for Puebla's location in Lakewood, NJ (the "Lakewood Location"), and one for Puebla's location in Freehold, NJ (the "Freehold Location"). [*Id.* at ¶ 3]. Puebla's owner, Sanchez, executed a personal guarantee in which he personally guaranteed all of Puebla's obligations under its agreements with Plaintiff. [*Id.* at ¶ 4].

  Puebla, acting as Plaintiff's Agent, failed to make payments to Plaintiff of certain funds it received from the public for further transmission abroad and for Plaintiff's service fee. [*Id.* at ¶ 6]. Evidence submitted by Plaintiff demonstrates that Puebla failed to make payments to Plaintiff in the amount of $92,600.81 with respect to the Lakewood Location, and $64,054.67 with respect to the Freehold Location. [*Id.* at ¶ 7]. Despite insufficient payment from Puebla, Plaintiff was still required as a licensed money transmitter to pay the customers' intended beneficiaries the above amounts. [*Id.* at ¶ 6].

Conclusions of Law

The Court adopts Plaintiff's contention that Puebla's failure to make the agreed upon payments consists of a contractual breach with Plaintiff, and that further, Sanchez's failure to make payments to Plaintiff as the guarantor of Puebla's obligations constitutes a breach of his personal guarantee.  [*Id.* at ¶ 8].

As a result, the Court finds that the breaches by Puebla and Sanchez entitle Plaintiff to actual damages against them, jointly and severally, in the amount of: a) $92,600.81 with respect to the Lakewood Location; and b) $64,054.67 with respect to the Freehold Location, for a total amount of actual damages of $156,658.48.  [*Id.* at ¶ 9].  Plaintiff argues further that given statutory guidelines, Plaintiff should be awarded treble that amount.  [*Id.* at ¶ 10].  N.J.S.A. 17:15C-18(c) provides in relevant part that:

> An authorized delegate shall remit all money owing to the licensee in accordance with the terms of the contract between the licensee and the authorized delegate.  The failure of an authorized delegate to remit all money owing to a licensee within the time presented shall result in liability of the authorized delegate to the licensee for three times the licensee's actual damages.

Upon review of the contract, it appears that Puebla, as an authorized delegate, should have remitted to Plaintiff, the licensee, any funds received for transmission by 12:00 noon the following day.  [Doc. No. 1-4].  According to Plaintiff, Puebla has yet to remit those funds.  [12]. Thus, under 17:15C-18(c), Plaintiff is entitled to treble damages against Puebla and Sanchez, jointly and severally, in the total amount of $156,658.48 x 3, which is equal to $469,975.44, plus post judgment interest at the rate of 0.15% per year.  An appropriate order accompanies this Opinion.

/s/Anne E. Thompson  
ANNE E. THOMPSON, U.S.D.J

Dated: January  8 , 2013

3